UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE WEGERS, et al.,

Defendants.

CASE NO. CR05-0231C

ORDER

This matter comes before the Court on motions to sever by Defendant Robert Randall Alexander based on improper joinder of defendants (Dkt. No. 557), and by Defendant Stephen Dale Koester, with Alexander, based on prejudicial joinder (Dkt. No. 594). The Court finds and orders as follows.

Alexander and Koester are two of twenty-eight defendants named in the First Superseding Indictment ("FSI"). Both are described as members of the Hermanos Motorcycle Club in Montana, an alleged "support club" to the Bandidos. (*Id.* 8.) With eight other co-defendants, Alexander and Koester are charged in Counts 4 and 5 with violent crime in aid of racketeering under 18 U.S.C. § 1959(a). (FSI 16–17.) Specifically, Count 4 alleges a conspiracy to kidnap an individual identified as "S.S.," while Count 5 alleges the substantive crime of kidnapping S.S. (*Id.*) The government alleges that both Defendants participated in the conspiracy and kidnapping "for the purpose of maintaining and increasing their position[s] in the Bandidos OMO, an enterprise engaged in racketeering activity." (*Id.*)

ORDER – 1

Alexander filed his motion under Rule 8(b), arguing that he and his co-defendants named in Counts 4 and 5 were improperly joined with all other defendants charged in the FSI. (*See* Dkt. No. 557.) Alexander and Koester subsequently filed a motion under Rule 14(a), arguing that their trial must be severed from that of defendant Bernard Ortman. (*See* Dkt. No. 594.) In this second motion, they have relied heavily on a declaration by Ortman proffering his testimony that Alexander and Koester played no role in the events charged in Counts 4 and 5. (*Id.* 4–5.)

Based on the likelihood that Ortman will provide exculpatory testimony for Alexander and Koester, the government does not oppose severance of their trials. (Pl.'s Resp. 1–2.) The parties are in agreement that the separate trial for Alexander and Koester should proceed after Ortman's. (*Id.*) To the extent this will require a continuance of their trial date, Alexander and Koester have represented to the government that they will waive their objections to the pending motion by certain defendants to continue the trial date. (*Id.*)

Given the accord between the parties, the Court GRANTS Defendants Alexander and Koester's motion to sever their trial.[1] Alexander's motion for severance based on improper joinder is DENIED as MOOT.

SO ORDERED this 17th day of November, 2005.

UNITED STATES DISTRICT JUDGE

---

[1] Due to the ongoing briefing in response to a pending motion to continue the trial date (Dkt. No. 614), the Court will defer making any scheduling orders at this time.

ORDER – 2