UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE WEGERS, et al.,<br><br>Defendants. | CASE NO. CR05-0231C<br><br>ORDER |

    This matter comes before the Court on Defendant Stephen Dale Koester's motion to reconsider (Dkt. No. 637) the Court's order denying Defendant Robert Alexander's motion to dismiss for improper venue Counts 4 and 5 of the First Superseding Indictment ("FSI"). Defendant William Beach joins the motion. Having considered the papers submitted by the parties and the superseding indictment, and finding oral argument unnecessary, the Court DENIES Defendant's motion for the following reasons.

    On October 28, 2005, the Court issued an order finding that as to Defendant Robert Alexander and others charged in Counts 4 and 5, venue was proper in this district. (*See* Dkt. No. 580 ("Order").) Like Alexander, Koester is charged in Counts 4 and 5 with violent crime in aid of racketeering under 18 U.S.C. § 1959(a). (FSI 16–17.) Citing the language in that statute, the government alleges that each of the defendants participated in the conspiracy and kidnapping "for the purpose of maintaining and increasing their position[s] in the Bandidos OMO, an enterprise engaged in racketeering activity" and headquartered in this district. (*Id.*) Alexander and Koester "are not alleged to be members of the Bandidos organization. Instead, they are alleged to be members of the Hermanos, a Montana-based

ORDER – 1

'support club to the Bandidos.'" (Order 2, n.1.) Given these allegations, the Order explained that "the government bears the burden of proving at trial that Alexander and Koester's actions during the conspiracy and kidnapping were done to maintain or increase their 'positions' in the Bandidos organization" notwithstanding their membership in the Hermanos. (*Id.* 7, n.5.)

Koester did not join Alexander's motion, but he has offered nothing in the present motion to distinguish himself from Alexander or to suggest that he is not bound by the venue analysis and conclusions in the Order. Under Local Rule CrR 12(e)(11)(A), motions for reconsideration are disfavored and will ordinarily be denied absent "a showing of manifest error in the prior ruling." Koester nonetheless argues that reconsideration is warranted because neither he nor Alexander has ever been a member of the Bandidos organization, and therefore that they could not have engaged in conduct "to maintain or increase their 'positions' in the Bandidos organization." (Def.'s Mot. 2.)

As explained in the Order, the pretrial venue analysis is limited to determining whether a defect is apparent from the face of the indictment, and specifically whether the allegations in Counts 4 and 5 would support findings at trial establishing venue. (Order 7.) Thus, the jury will be called on to determine the extent to which Koester had any "position" in the racketeering enterprise and if so, whether he engaged in the charged conduct to maintain or increase that position. The Court declines Koester's implicit invitation to make pretrial factual findings regarding these issues.

Because Koester has not identified a manifest error in the Court's conclusion "that it would be premature to dismiss Counts 4 and 5 for improper venue," the Court DENIES his motion to reconsider the venue order.

SO ORDERED this 28th day of November, 2005.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 2